UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.:

| | |
|---|---|
| LAUREN ZIMMERMAN and JEREMY FONTAINE as Co-Administrator/trix of the Estate of Landon James Zimmerman, <br><br>      Plaintiff <br><br>VS. <br><br>HAYNEEDLE, INC.; NETSHOPS, INC.; SIMPLICITY, INC. and SFCA, INC., <br><br>      Defendants | PLAINTIFF CLAIMS TRIAL BY JURY |

## COMPLAINT

**COUNT I:** **LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs HAYNEEDLE, INC.**
**WRONGFUL DEATH**

1. Plaintiff, Lauren Zimmerman, resides at 465 N. Washington Street, N. Attleborough, Bristol County, Massachusetts. She is the duly appointed co-Administratrix of the Estate of her deceased son, Landon James Zimmerman, who was caused to suffer and die on January 30, 2008 at the age of one in the manner described below.

2. Plaintiff, Jeremy Fontaine, resides at 75 Mendon Road, Apt. B, Attleboro, Bristol County Massachusetts. He is the duly appointed co-Administrator of the Estate of his deceased son, Landon James Zimmerman, who was caused to suffer and die on January 30, 2008 at the age of one in the manner described below.

3. Defendant, Hayneedle, Inc. (hereinafter "Hayneedle") is a foreign corporation with a principle place of business at 1270 I Street, Suite 200, Omaha, NE. Hayneedle, Inc. is a retailer/supplier from whom the subject crib was purchased. At the time of said transaction, Hayneedle, Inc. was known as Netshops, Inc. before changing its name. Hayneedle, Inc. is liable for the conduct of Netshops, Inc.

4. This action arises out of injuries sustained in Massachusetts sufficient to confer personal jurisdiction over defendant Hayneedle pursuant to the Massachusetts Long Arm Statute. In addition, defendant Hayneedle is subject to personal jurisdiction in Massachusetts because at all times material hereto it conducted business in the Commonwealth of Massachusetts on a regular and systematic basis.

5. Jurisdiction is based on diversity of citizenship of the parties and an amount in controversy in excess of jurisdictional limits.

6. Defendant Hayneedle was at all times herein mentioned engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing, distribution and/or sale of baby cribs.

7. On or about January 30, 2008, in North Attleborough Massachusetts, plaintiff's decedent and son, Landon James Zimmerman, was caused to become asphyxiated and die while using a crib known as the Simplicity Ellis Deluxe 4-in-1 Convertible Sleep System.

8. The death of plaintiff's decedent, Landon James Zimmerman, was the direct and proximate result of the negligence and carelessness of defendant Hayneedle as follows:

   a. Defendant Hayneedle negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and/or distributed said crib;

   b. Defendant Hayneedle negligently failed to warn or instruct or adequately warn or adequately instruct plaintiff's decedent and those caring for him and/or other users of said crib of its dangerousness and defective characteristics, and of the safe and proper method of assembling, using and maintaining said crib.

   c. Defendant Hayneedle negligently disposed of said crib and placed it in the channels of trade, when it knew or with reasonable care should have known said crib to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and negligently placed said crib in the channels of trade where it was foreseeable that said crib would come into contact and use with persons such as the plaintiff's' decedent, Landon James Zimmerman and those who cared for him who were unaware of its dangerous and defective nature and condition, and defendant negligently failed to use reasonable care to prevent injuries to such persons, including Landon James Zimmerman.

9. Defendant Hayneedle expressly and impliedly warranted to plaintiff's decedent and to the general public that said crib was safe, merchantable and fit for its intended purposes and uses. Defendant Hayneedle breached its warranties

because said crib was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff's decedent and those who cared for him relied on the warranties made by the defendant Hayneedle and plaintiff's decedent sustained injury and death as the direct and proximate result of the breaches of warranties by the defendant Hayneedle.

10. Prior to his death, Landon James Zimmerman was in good health. The next of kin of Landon James Zimmerman are entitled to the fair monetary value of the decedent, including but not limited to, compensation for the loss of society, companionship, comfort, guidance, counsel, advise, reasonably expected net income, and services of the decedent, Landon James Zimmerman, and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT II: LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs HAYNEEDLE, INC.**
**PUNITIVE DAMAGES**

11. The plaintiff restates and realleges the allegations of Count I, paragraphs 1-7 as if fully set forth herein.

12. The death of plaintiff's decedent, Landon James Zimmerman, was the direct and proximate result of the grossly negligent conduct of defendant Hayneedle as follows:

   a. Defendant Hayneedle was grossly negligent in connection with the design, development, assembly, manufacture, inspection, testing, marketing, advertising, selling and/or distribution of said crib;

   b. Defendant Hayneedle was grossly negligent in failing to warn or instruct or adequately warn or adequately instruct plaintiff's decedent or those caring for him and other users of said crib of its dangerousness and defective characteristics, and of the safe and proper method of using and maintaining said crib.

   c. Defendant Hayneedle was grossly negligent in disposing of said crib and placing it in the channels of trade, when it knew or with reasonable care should have known said crib to be dangerous and defective in nature, design

and materials and in a dangerous and defective condition, and was grossly negligent in placing said crib in the channels of trade where it was foreseeable that said crib would come into contact and use with persons such as the plaintiff's decedent, Landon James Zimmerman, and those who cared for him who were unaware of its dangerous and defective nature and condition, and defendant was grossly negligent in failing to use reasonable care to prevent injuries to such persons, including Landon James Zimmerman.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT III:** **LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs HAYNEEDLE, INC.**
**CONSCIOUS PAIN AND SUFFERING**

13. The plaintiff restates and realleges the allegations of Count I, paragraphs 1-9 as if fully set forth herein.

14. As the direct and proximate result of defendant Hayneedle's negligence and breach of warranty, Landon James Zimmerman was caused great pain and suffering up to the moment of his death.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT IV:** **LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs NETSHOPS, INC.**
**WRONGFUL DEATH**

15. Plaintiff, Lauren Zimmerman, resides at 465 N. Washington Street, N. Attleborough, Bristol County, Massachusetts. She is the duly appointed co-Administratrix of the Estate of her deceased son, Landon James Zimmerman, who was caused to suffer and die on January 30, 2008 at the age of one in the manner described below.

16. Plaintiff, Jeremy Fontaine, resides at 75 Mendon Road, Apt. B, Attleboro, Bristol County, Massachusetts. He is the duly appointed co-Administrator of the Estate of his son, Landon James Zimmerman, who was caused to suffer and die on January 30, 2008 at the age of one in the manner described below.

17. Defendant, Netshops, Inc. (hereafter "Netshops") is a foreign corporation with a principle place of business at 1270 I Street, Suite 200, Omaha, NE. Netshops, Inc. is a retailer/supplier from whom the subject crib was purchased. Subsequent to the time of said transaction, Netshops changed its name to Hayneedle, Inc.

18. This action arises out of injuries sustained in Massachusetts sufficient to confer personal jurisdiction over the defendant Netshops pursuant to the Massachusetts Long Arm Statute. In addition, defendant Netshops is subject to personal jurisdiction in Massachusetts because at all times material hereto it conducted business in the Commonwealth of Massachusetts on a regular and systematic basis.

19. Jurisdiction is based on diversity of citizenship of the parties and an amount in controversy in excess of jurisdictional limits.

20. Defendant Netshops was at all times herein mentioned engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing, distribution and/or sale of baby cribs.

21. On or about January 30, 2008, in North, Attleborough, Massachusetts, plaintiff's decedent and son, Landon James Zimmerman, was caused to become asphyxiated and die while using a crib known as the Simplicity Ellis Deluxe 4-in 1 Covertible Sleep System.

22. The death of plaintiff's decedent, Landon James Zimmerman, was the direct and proximate result of the negligence and carelessness of defendant Netshops as follows:

    a. Defendant Netshops negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and/or distributed said crib;

    b. Defendant Netshops negligently failed to warn or instruct or adequately warn or adequately instruct plaintiff's decedent or those caring for him and other users of said crib of its dangerousness and defective characteristics, and of the safe and proper method of using and maintaining said crib.

    c. Defendant Netshops negligently disposed of said crib and placed it in the channels of trade, when it knew or with reasonable care should have known said product to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and negligently placed said crib in the channels of trade where it was foreseeable that said crib would come into contact and use with persons such as the plaintiff's decedent, Landon James Zimmerman, and those who cared for him who were unaware of its dangerous and defective nature and condition, and defendant Netshops negligently failed to use reasonable care to prevent injuries to such persons, including Landon James Zimmerman.

23. Defendant Netshops expressly and impliedly warranted to plaintiffs' decedent and to the general public that said crib was safe, merchantable and fit for its intended purposes and uses. Defendant Netshops breached its warranties because said crib was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiffs' decedent Landon James Zimmerman and those who cared for him relied on the warranties made by defendant Netshops and plaintiff's decedent, Landon James Zimmerman sustained injury and death as the direct and proximate result of the breaches of warranties by defendant Netshops.

24. Prior to his death, Landon James Zimmerman was in good health. The next of kin of Landon James Zimmerman are entitled to the fair monetary value of the decedent, including but not limited to, compensation for the loss of society, companionship, comfort, guidance, counsel, advise, reasonably expected net income, and services of Landon James Zimmerman and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT V: LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs NETSHOPS, INC.**
**PUNITIVE DAMAGES**

25. The plaintiff restateS and realleges the allegations of Count IV, paragraphs 15-21 as if fully set forth herein.

26. The death of plaintiff's decedent Landon James Zimmerman was the direct and proximate result of the grossly negligent conduct of defendant Netshops follows:

   a. Defendant Netshops was grossly negligent in connection with the design, development, assembly, manufacture, inspection, testing, marketing, advertising, selling and/or distribution of said crib;

   b. Defendant Netshops was grossly negligent in failing to warn or instruct or adequately warn or adequately instruct plaintiff's decedent or those caring for him and other users of said crib of its dangerousness and defective characteristics, and of the safe and proper method of assembling, using and maintaining said crib.

    c.    Defendant Netshops was grossly negligent in disposing of said crib and placing it in the channels of trade, when it knew or with reasonable care should have known said crib to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and was grossly negligent in placing said crib in the channels of trade where it was foreseeable that said crib would come into contact and use with persons such as plaintiff's decedent, Landon James Zimmerman, and those who cared for him who were unaware of its dangerous and defective nature and condition, and defendant Netshops was grossly negligent in failing to use reasonable care to prevent injuries to such persons, including Landon James Zimmerman.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT VI:** **LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN**
**vs NETSHOPS, INC.**
**CONSCIOUS PAIN AND SUFFERING**

27. Plaintiff restates and realleges the allegations of Count IV, paragraphs 15-23 as if fully set forth herein.

28. As the direct and proximate result of defendant Netshops' negligence and breach of warranty, Landon James Zimmerman was caused great pain and suffering up to the moment of his death.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT VII:** **LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN**
**vs SIMPLICITY, INC.**
**WRONGFUL DEATH**

29. Plaintiff, Lauren Zimmerman, resides at 465 N. Washington Street, N. Attleborough, Bristol County, Massachusetts. She is the mother and the duly appointed co-Administratrix of the Estate of her deceased son, Landon James Zimmerman, who was caused to suffer and die on January 30, 2008 at the age of one in the manner described below.

30. Plaintiff, Jeremy Fontaine, resides at 75 Mendon Road, Apt. B, Attleboro, Bristol

County, Massachusetts. He is the father and the duly appointed co-Administrator of the Estate of his deceased son, Landon James Zimmerman, who was caused to suffer and die on January 30, 2008 at the age of one in the manner described below.

31. The defendant, Simplicity, Inc. (hereafter "Simplicity"), which also did business under the fictitious name "Simplicity for Children", is a foreign corporation with a principle place of business at 501 S. 9th Street, Reading, PA 19602.

32. This action arises out of injuries sustained in Massachusetts sufficient to confer personal jurisdiction over the defendant Simplicity pursuant to the Massachusetts Long Arm Statute. In addition, defendant Simplicity is subject to personal jurisdiction in Massachusetts because at all times material hereto it conducted business here on a regular and systematic basis.

33. Jurisdiction is based on diversity of citizenship of the parties and an amount in controversy in excess of jurisdictional limits.

34. Defendant Simplicity was at all times herein mentioned engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing, distribution and/or sale of baby cribs.

35. On or about January 30, 2008, in North Attleborough, Massachusetts, plaintiff's decedent and son, Landon James Zimmerman, was caused to become asphyxiated and die while using a crib known as the Simplicity Ellis Deluxa 4-in-1 Convertible Sleep System.

36. The death of plaintiff's decedent, Landon James Zimmerman, was the direct nd proximate result of the negligence and carelessness of the defendant Simplicity as follows:

   a. Defendant Simplicity negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and/or distributed said crib;

   b. Defendant Simplicity negligently failed to warn or instruct or adequately warn or adequately instruct plaintiff's decedent or those caring for him and other users of said crib of its dangerousness and defective characteristics, and of the safe and proper method of using and maintaining said crib.

   c. Defendant Simplicity negligently disposed of said product and placed it in the channels of trade, when it knew or with reasonable care should have known said crib to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and negligently placed said crib in the channels of trade where it was foreseeable that said crib would come into contact and use with persons such as the plaintiff's decedent, Landon James Zimmerman, and those who cared for him who were unaware of its dangerous

and defective nature and condition, and defendant Simplicity negligently failed to use reasonable care to prevent injuries to such persons, including Landon James Zimmerman.

37. Defendant Simplicity expressly and impliedly warranted to plaintiff's decedent and to the general public that said crib was safe, merchantable and fit for its intended purposes and uses. Defendant Simplicity breached its warranties because said crib was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff's decedent, Landon James Zimmerman, and those who cared for him relied on the warranties made by the defendant and plaintiff's decedent sustained injury and death as the direct and proximate result of the breaches of warranties by the defendant Simplicity.

38. Prior to his death, Landon James Zimmerman was in good health. The next of kin of Landon James Zimmerman are entitled to the fair monetary value of the decedent, including but not limited to, compensation for the loss of society, companionship, comfort, guidance, counsel, advise, reasonably expected net income, and services of the decedent and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, the plaintiff's prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT VIII: LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs SIMPLICITY, INC.**
**PUNITIVE DAMAGES**

39. Plaintiff restates and realleges the allegations of Count VII, paragraphs 29-35 as if fully set forth herein.

40. The death of plaintiff's decedent, Landon James Zimmerman, was the direct and proximate result of the grossly negligent conduct of defendant Simplicity as follows:

    a. Defendant Simplicity was grossly negligent in connection with the design, development, assembly, manufacture, inspection, testing, marketing, advertising, selling and distribution of said crib;

    b. Defendant Simplicity was grossly negligent in failing to warn or instruct or adequately warn or adequately instruct plaintiff's decedent, Landon James

...

      Zimmerman, or those caring for him and other users of said crib of its dangerousness and defective characteristics, and of the safe and proper method of using and maintaining said crib.

  c.    Defendant Simplicity was grossly negligent in disposing of said crib and placing it in the channels of trade, when it knew or with reasonable care should have known said crib to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and was grossly negligent in placing said crib in the channels of trade where it was foreseeable that said crib would come into contact and use with persons such as the plaintiff's decedent, Landon James Zimmerman, and those who cared for him who were unaware of its dangerous and defective nature and condition, and defendant Simplicity was grossly negligent in failing to use reasonable care to prevent injuries to such persons, including Landon James Zimmerman.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT IX: LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs SIMPLICITY, INC.**
**CONSCIOUS PAIN AND SUFFERING**

41.    Plaintiff restateS and reallegeS the allegations of Count VII, paragraphs 29-37 as if fully set forth herein.

42.    As the direct and proximate result of defendant Simplicity's negligence and breach of warranty, Landon James Zimmerman was caused great pain and suffering up to the moment of his death.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT X: LAUREN ZIMMERMAN and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs SFCA, INC.**
**WRONGFUL DEATH**

43.    Plaintiff, Lauren Zimmerman, resides at 465 N. Washington Street, N. Attleborough, Bristol County, Massachusetts. She is the duly appointed co-Administratrix of the Estate of her deceased son, Landon James Zimmerman, who was caused to suffer

and die at the age of one in the manner described below.

44. Plaintiff, Jeremy Fontaine, resides at 75 Mendon Road, Apt. B, Attleboro, Bristol County, Massachusetts. He is the duly appointed co-Administrator of the Estate of his deceased son, Landon James Zimmerman, who was caused to suffer and die at the age of one in the manner described below.

45. The defendant, SFCA, Inc. (hereafter "SFCA") is a foreign corporation with a principle place of business at 501 S. 9th Street, Reading, PA 19602. Upon information and belief it is the successor in interest to Simplicity, Inc. and is liable herein as a result. Any and all references to SFCA includes those for whom it may be liable.

46. This action arises out of injuries sustained in Massachusetts sufficient to confer personal jurisdiction over the defendant SFCA pursuant to the Massachusetts Long Arm Statute. In addition, defendant SFCA is subject to personal jurisdiction in Massachusetts as it does and conducts business here on a regular and systematic basis.

47. Jurisdiction is based on diversity of citizenship of the parties and an amount in controversy in excess of jurisdictional limits.

48. Defendant SFCA was at all times herein mentioned engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and/or sale of baby cribs.

49. On or about January 30, 2008, in North Attleborough, MA, plaintiff's decedent and son, Landon James Zimmerman, was caused to become asphyxiated and die while using a crib known as the Simplicity Ellis Deluxe 4-in-1 Convertible Sleep System.

50. The death of plaintiff's decedent, Landon James Zimmerman, was the direct and proximate result of the negligence and carelessness of defendant SFCA and/or those for whom defendant SFCA is liable, as follows:

   a. Defendant SFCA and/or those for whom it is liable negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and/or distributed said crib;

   b. Defendant SFCA and/or those for whom it is liable negligently failed to warn or instruct or adequately warn or adequately instruct plaintiff's decedent or those caring for him and other users of said crib of its dangerousness and defective characteristics, and of the safe and proper method of using and maintaining said crib.

   c. Defendant SFCA and/or those for whom it is liable negligently disposed of said crib and placed it in the channels of trade, when it knew or with reasonable

care should have known said crib to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and negligently placed said crib in the channels of trade where it was foreseeable that said crib would come into contact and use with persons such as the plaintiff's decedent, Landon James Zimmerman, and those who cared for him who were unaware of its dangerous and defective nature and condition, and defendant SFCA negligently failed to use reasonable care to prevent injuries to such persons, including Landon James Zimmerman.

51. Defendant SFCA and/or those for whom it is liable expressly and impliedly warranted to plaintiff's decedent, Landon James Zimmerman, and to the general public that said crib was safe, merchantable and fit for its intended purposes and uses. Defendant SFCA breached its warranties because said crib was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff's decedent, Landon James Zimmerman, and those who cared for him relied on the warranties made by defendant SFCA and Landon James Zimmerman sustained injury and death as the direct and proximate result of the breaches of warranties by defendant SFCA.

52. Prior to his death, Landon James Zimmerman was in good health. The next of kin of Landon James Zimmerman are entitled to the fair monetary value of the decedent, including but not limited to, compensation for the loss of society, companionship, comfort, guidance, counsel, advise, reasonably expected net income, and services of Landon James Zimmerman and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT XI:    LAUREN ZIMMERMAN, and JEREMY FONTAINE, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs SFCA, INC.**
**PUNITIVE DAMAGES**

53. Plaintiff restates and realleges the allegations of Count X, paragraphs 43-49 as if fully set forth herein.

54. The death of plaintiff's decedent Landon James Zimmerman was the direct and proximate result of the grossly negligent conduct of defendant SFCA and/or of those for whom it is liable as follows:

a. Defendant SFCA was grossly negligent in connection with the design, development, assembly, manufacture, inspection, testing, marketing, advertising, selling and/or distribution of said crib;

b. Defendant SFCA was grossly negligent in failing to warn or instruct or adequately warn or adequately instruct plaintiff's decedent or those caring for him and other users of said product of its dangerousness and defective characteristics, and of the safe and proper method of using and maintaining said crib.

c. Defendant SFCA was grossly negligent in disposing of said crib and placing it in the channels of trade, when it knew or with reasonable care should have known said crib to be dangerous and defective in nature, design and materials and in a dangerous and defective condition, and was grossly negligent in placing said crib in the channels of trade where it was foreseeable that said crib would come into contact and use with persons such as plaintiff's decedent, Landon James Zimmerman, and those who cared for him who were unaware of its dangerous and defective nature and condition, and defendant SFCA was grossly negligent in failing to use reasonable care to prevent injuries to such persons, including Landon James Zimmerman.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

**COUNT XII: LAUREN ZIMMERMAN and JEREMY ZIMMERMAN, CO-ADMINISTRATOR/TRIX of the ESTATE OF LANDON JAMES ZIMMERMAN vs SFCA, INC.**
**CONSCIOUS PAIN AND SUFFERING**

55. Plaintiff restates and realleges the allegations of Count X, paragraphs 43-51 as if fully set forth herein.

56. As the direct and proximate result of defendant SFCA's negligence and breach of warranty, Landon James Zimmerman was caused great pain and suffering up to the moment of his death.

WHEREFORE, the plaintiff prays that this Honorable Court render judgment, jointly and severally, against the defendant herein, for an amount to be determined by a jury, plus interest, costs, attorney's fees, and any other such amounts this Honorable Court deems proper.

THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS.

                                      Respectfully submitted,
                                      The Estate of Landon James Zimmerman
                                      By its Attorney:

                                      Jay S. Bronstein, Esq.
                                      Of Counsel to the Firm
                                      Robert A. Shuman & Associates, P.C.
                                      One Chestnut Square
                                      Sharon, MA  02067
                                      (781) 793-1111
                                      JBRONLAW@AOL.COM
                                      BBO#:   058620